# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Stephen Saunders,**
**Claimant Below, Petitioner**

**v.)**    **No. 25-30**   (JCN: 2023003441)
                    (ICA No. 24-ICA-128)

**ACNR Resources, Inc.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stephen Saunders appeals the October 28, 2024, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Saunders v. ACNR Resources, Inc.* (*Saunders II*), No. 24-ICA-128, 2024 WL 4601952 (W. Va. Ct. App. Oct. 28, 2024) (memorandum decision). Respondent ACNR Resources, Inc. filed a response.[1] The issue on appeal is whether the ICA erred in affirming the February 22, 2024, decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"), which affirmed the claim administrator's September 2022 order denying the compensability of the claim.[2]

The claimant argues that he injured his neck and upper back when he fell backward at work over a spool of wire and landed on the ground, impacting his neck and upper back. The claimant

---

[1] The claimant appears by counsel J. Thomas Greene Jr. and T. Colin Greene, and the employer appears by counsel Aimee M. Stern.

[2] The Board of Review initially affirmed the denial of compensability in March 2023. In *Saunders v. ACNR Resources, Inc.* (*Saunders I*), No. 23-ICA-161, 2023 WL 5695901 (W. Va. Ct. App. Sept. 5, 2023) (memorandum decision), the ICA remanded this case to the Board with directions to reconsider the claim under this Court's decision in *Moore v. ICG Tygart Valley, LLC,* 247 W. Va. 292, 879 S.E.2d 779 (2022). *Saunders I*, 2023 WL 5695901, at *2-3. However, the ICA indicated that the Board could affirm the denial of compensability if the Board found that the inconsistencies in the claimant's report of injury and medical records constituted "a sufficient basis to affirm the rejection of this claim." *Id.* at *2. When the Board again affirmed the denial of compensability in February 2024, the Board specifically found that the inconsistencies shown in the record constituted "a sufficient basis to affirm the rejection of the claim because they establish that the claimant's allegation of an injury to the cervical and thoracic regions of his back on July 18 or 19, 2022, is not credible." In *Saunders II*, the ICA deferred to the Board of Review's credibility determination and affirmed. 2024 WL 4601952, at *3.

1

argues that the Kenalog injection and Meloxicam he received in July 2022 controlled any new symptoms, leading him to assume that he did not require treatment until he later realized the extent of his injuries upon the return of his symptoms after the medication wore off. Ross A. Tennant, NP, found that the claimant's cervical and thoracic myofascial strains were not related to a prior injury for which he treated the claimant in 2019. The claimant argues that Mr. Tennant was in a superior position to distinguish between the 2019 injury and the 2022 injury. While the Board of Review— on remand from the ICA[3]—maintained that there was no credible evidence that the claimant sustained a compensable injury in July 2022, the claimant argues that Mr. Tennant's findings undermined the Board's conclusion. Thus, the claimant argues that this Court should reverse the ICA and rule that the claim is compensable for a cervical strain and a thoracic myofascial strain. The employer counters by arguing that the claimant failed to meet his burden of showing that he sustained a compensable injury to his cervical and thoracic spines due to the inconsistencies in the evidence regarding the alleged injury. The employer argues that the Board of Review did not err in finding that those inconsistencies constituted a sufficient basis to affirm the rejection of the claim because they established that the claimant's allegation of a workplace injury to his cervical and thoracic spines in July 2022 was not credible. Therefore, the employer argues that the ICA properly deferred to the Board's credibility finding and affirmed its affirmation of the denial of compensability.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: July 28, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

[3] *See* fn.2, supra.